*1152 The opinion of the Court was delivered by
Poems, J.
Eelators apply for a certiorari and urge a rule for contempt against the defendant Judge, on the following grounds :
That in disregard of a writ of prohibition issued by this Court, directed to the defendant, inhibiting him from-entertaining jurisdiction of an injunction suit, filed for the purpose of arresting the seizure of certain movable effects of the alleged value of $288, the said Judge has since proceeded to issue another injunction restraining the sale of the identical property in a suit between the same parties.
The Judge answers, and the record bears him out, that after service on him of our writ of prohibition, he at once dismissed the suit for injunction then ponding in his court, and that the execution therein sought to be enjoined proceeded in its legal course. Whereupon the original plaintiff in the suit thus disposed of, entered another distinct and separate suit, for the purpose of arresting the execution, by levy on the identical property which had been the subject matter of the. previous litigation, alleging in her last petition, and showing by an official appraisement, made under the supervision of the constable, one of the Eelators, that said property was worth only ninety-eight dollars and ninety-five cents.
The legal purport of the prohibition issued by this Court, (0. B. No. 56, p. 1145,) was to restrain the Judge of the City Court from entertaining jurisdiction of an injunction suit, in which the value of the property seized prima facie appeared to exceed one hundred dollars; the nature or identity of the personal effects seized is not sacramental, as a test of the jurisdiction of the court, which must be determined according to the value of the property, as shown by the papers on the trial of the exception.
The allegation in pleadings of the value of a specific piece or item of property is, after all, an allegation or opinion which, if erroneous, can be corrected at any stage by the party making it, and will not conclude the Judge, if shown to be erroneous by evidence.
The plaintiff in the second injunction suit could not, therefore, be estopped from alleging a different value of the identical property from the valuation made by her in her previous suit.
The determination of the value of the property seized, under the evidence and the pleadings in the suit now pending, was'a matter within the legal province and judicial discretion of the Judge, who has, therefore, violated no order or decree of this tribunal in the premises.
The rule for contempt is, therefore, discharged, and the writ of certiorari is refused, at Eelators’ costs.